UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**REESE MICHAEL PLAISANCE**  **CIVIL ACTION**

**VERSUS**  **NO. 22-00069**

**A. HAYES TOWN, III**  **SECTION: "M"(5)**

**REPORT AND RECOMMENDATION**

Plaintiff, Reese Michael Plaisance, is a prisoner confined at the Ascension Parish Jail in Donaldsonville, Louisiana. He has submitted a complaint pursuant to Title 42 U.S.C. § 1983 for which he seeks leave to proceed *in forma pauperis*.[1] Plaisance alleges that his attorney of record was negligent in handling his pending criminal case, and he requests monetary compensation. (Rec. doc. 3, Complaint).

Because Title 42 U.S.C. § 1983 does not contain a specific venue provision, venue is determined under the general venue provision found at Title 28 U.S.C. § 1391(b). *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973). Section 1391(b) provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Plaintiff, a pretrial detainee, remains incarcerated at the Ascension Parish Jail in

---

[1] The motion to proceed as a pauper (rec. doc. 4) is deferred to the Middle District of Louisiana for determination and collection pursuant to Title 28 U.S.C. § 1915.

Donaldsonville, Louisiana. He alleges that the named defendant may be found in Baton Rouge, Louisiana, in East Baton Rouge Parish, which is located within the boundaries of the United States District Court for the Middle District of Louisiana. 28 U.S.C. § 98(b). Accordingly, venue is not proper in the Eastern District of Louisiana.

If venue does not lie within a judicial district, the Court "shall dismiss, or if it be in the interest of justice, transfer" the case to the proper district. 28 U.S.C. § 1406(a); *see Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998); *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465 (1962). Here, the Court finds that transfer of the *pro se* proceedings to the appropriate district, rather than dismissal, is warranted.

Accordingly, **IT IS RECOMMENDED** that the captioned matter be transferred to the United States District Court for the Middle District of Louisiana.

The pending motion to proceed as a pauper (rec. doc. 4) is **DEFERRED** to the transferee court for consideration.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile*

*Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this __8th__ day of _____February_____, 2022.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[2] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.